## LANGHOFF v. COHEN

(December 16, 1929. Opinion and Decree.)

Sanders, Baldwin, Viosca & Haspel, of New Orleans, attorneys for plaintiff, appellee.

Frederick G. Veith, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. Plaintiff seeks to recover the sum of $245 with 8 per cent·interest from March 1, 1929, until paid and 10 per cent additional as attorney's fees, alleged to be due by the defendant, under the provisions of a written lease and seven rent notes signed by the defendant, dated September 7, 1928. The lease was for a period of twelve moths, commencing October 1, 1928, and defendant paid five of the rent notes but vacated the premises and refused to pay the remaining notes.

Defendant denies liability on the ground that the property covered by the lease was rented for the purpose of carrying on a furniture business and that the front door was too small to permit furniture to be carried in and out, that it was agreed between plaintiff and defendant, before and after the lease was signed, that the front door would be made larger in order to accommodate defendant's business; that upon plaintiff's failure to have this work done, defendant protested and plaintiff's real estate agent, Mr. Richards, agreed to abrogate the lease upon defendant paying the rent for the month of February, 1929.

There was judgment in favor of plaintiff for the full amount prayed for and defendant has appealed.

The defense urged in this case is a special one and,· therefore, defendant bore the burden of proving it by a preponderance of the evidence. The sole testimony offered by defendant is his own statement to the effect that the lease was abrogated as hereinabove stated. ˙Plaintiff, his real estate agent, Mr. Richards, and his secretary, Miss Genella, deny the statements of defendant and their testimony completely rebuts defendant's statements.

The judgment of the lower court is manifestly correct and it is therefore affirmed.